IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

FILED

2007 AUG -2 P 1:21

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEP. CLERK

| | |
|---|---|
| DANIEL M. TRUE, individually and as surviving spouse and next friend of TERESA FAYE TRUE, deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | No. 2:07cv179 <br> **JURY DEMANDED** |
| STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK and HEALTH PLAN ADMINISTRATORS, INC., ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff, Daniel M. True, individually and as surviving spouse and next friend of Teresa Faye True, deceased, by and through counsel, and sues the Defendants, Standard Security Life Insurance Company of New York and Health Plan Administrators, Inc., and for his cause of action states as follows:

I. **Parties**

1. Plaintiff, Daniel True, is a citizen of the State of Florida residing at 3930 Newport Street, Port Saint John, Florida 32927. He is the surviving spouse of Teresa Faye True who died on November 10, 2006 from metastatic mixed mullerian uterine cancer.

2. Defendant Standard Security Life Insurance Company of New York (hereinafter "Standard") is a wholly owned subsidiary of Independence Holding Company which markets and sells "various lines of life, health, and disability

insurance." Standard "is domiciled in the State of New York, and headquartered in New York City" at 485 Madison Avenue, New York, New York 10022. Standard is "licensed in all 50 states" and has been so licensed in Tennessee since 1962. Standard offers "short-term health insurance ... through its subsidiary" Defendant Health Plan Administrators. Standard, pursuant to T.C.A. § 56-2-503, may be served with process through Leslie A. Newman, Commissioner of the Tennessee Department of Commerce & Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

3. Defendant Health Plan Administrators ("HPA") is a subsidiary of Standard and is a "fully licensed, full service Third Party Administrator servicing businesses worldwide." HPA's principal place of business is 523 Colman Center Drive, Rockford, Illinois 61132-5250. HPA, pursuant to Federal Rule of Civil Procedure 4, may be served with process by certified mail, return receipt requested, at 523 Colman Center Drive, Rockford, Illinois 61132-5250.

II. Jurisdiction and Venue

4. This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens and entities that are incorporated or maintain their principal places of business in different states.

5. This Court has supplemental jurisdiction over any and all state law

claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Standard and HPA transact business, are found, and/or have agents in this district and have sufficient contacts with this district to subject them to personal jurisdiction. Venue is proper pursuant to 28 U.S.C § 1391(a) as a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district.

### III. Factual Allegations

7. In early 2006, Teresa B. True, deceased (hereinafter "Mrs. True"), made application with Standard for "Group Short Term Medical Expense Insurance."

8. Following the underwriting process, Standard, on or about, April 15, 2006 accepted Mrs. True's application and issued and delivered to her a "Certificate of Insurance" for "Group Short Term Medical Expense Insurance" (hereinafter "the Policy") providing for an "Effective Date of Coverage" of April 15, 2006 with a "Term of Coverage" of "6 months." A copy of said "Certificate of Insurance" is attached hereto as **Exhibit A**.

9. The Policy provided for a lifetime maximum benefit amount of $2,000,000 and provided for an automatic extension of benefits for an injury or sickness which resulted in the insured being totally disabled at the end of the "Term of Coverage."

10. Mrs. True made timely and full payments of the Policy premiums.

11. On or about May 3, 2006, Mrs. True was diagnosed with ovarian and uterine cancer. At the time of her diagnosis, Plaintiff and Mrs. True were on a year-long mission in Waynesville, North Carolina.

12. As a result, Mrs. True sought and received most of her medical care through her death from metastatic mixed mullerian uterine cancer on November 10, 2006 through providers located in or around Johnson City, Kingsport, and Bristol, Tennessee, thereby incurring medical and hospital bills and expenses by health care providers located in this district. During the times of her hospitalization in Tennessee, Mrs. True was a resident of this district.

13. From May 3, 2006 through her death on November 10, 2006, Mrs. True incurred substantial medical expenses (approaching, if not exceeding, $1,000,000) in the care and treatment of her cancer. These expenses were covered under the Policy and should have been paid.

14. Standard and HPA uniformly and systematically refused to provide benefits in the form of payment of medical expenses in conformity with the terms of the Policy stating that "TREATMENT FOR A PRE-EXISTING CONDITION IS NOT COVERED" and, after October 15, 2006, stating that "THE CHARGES ARE AFTER THE TERMINATION DATE OF COVERAGE."

## IV. Causes of Action

### A. Breach of Contract

15. Plaintiff repeats and realleges the allegations of the foregoing

4

paragraphs as if fully set forth herein.

16. Standard and HPA materially breached the terms of the Policy when they failed to provide Mrs. True with her contracted for medical payment benefits.

17. As a direct result of said material breaches, Plaintiff has been damaged in an amount to be proved and determined at trial.

### B. Violation of the Tennessee Consumer Protection Act

18. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

19. Standard's and HPA's refusal to pay Mrs. True's contracted for medical payment benefits constitutes unfair or deceptive acts or practices in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.* (hereinafter "the TCPA")

20. By reason of Standard's and HPA's violations of the TCPA, Plaintiff has been injured and has suffered an ascertainable loss.

21. Standard's and HPA's violations of the TCPA were willful or knowing and, as such, Plaintiff seeks treble damages pursuant to T.C.A. § 47-18-109 of the TCPA.

22. Plaintiff also seeks attorney's fees and costs pursuant to T.C.A. § 47-18-109 of the TCPA.

### V. Prayer for Relief

Plaintiff prays that the Court enter judgment against Defendants and in favor of Plaintiff as follows:

A. For an award of compensatory damages in an amount to be proved at trial for Defendants' breach of the Policy;

B. For an award of compensatory damages in an amount to be proved at trial for Defendants' violation of the Tennessee Consumer Protection Act;

C. For the trebling of any compensatory damages awarded for Defendants' violation of the Tennessee Consumer Protection Act;

D. For pre-judgment interest at the maximum rate allowed by law;

E. For all costs and attorney's fees incurred by Plaintiff in the prosecution of this action;

F. For a jury to try the issues joined; and

F. For such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

Thomas S. Scott, Jr.
Christopher T. Cain
BALL & SCOTT
550 W. Main Avenue, Suite 750
Knoxville, TN 37902
(865) 525-7028